STUART, Chief Justice.
The United States Supreme Court has vacated this Court's earlier judgment in this case, see Ex parte Williams, 183 So.3d 220 (Ala. 2015), affirming the judgment of the Alabama Court of Criminal Appeals, Williams v. State, 183 So.3d 198 (Ala. Crim. App. 2014), and has remanded the case for our further consideration in light of Montgomery v. Louisiana, 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). Williams v. Alabama, --- U.S. ----, 136 S.Ct. 1365, 194 L.Ed.2d 347 (2016).
Jimmy Williams, Jr., was convicted of murder made capital because it was committed during a robbery in the first degree, see § 13A-5-40(a)(2), Ala. Code 1975; the offense was committed when Williams was 15 years old. The trial court sentenced Williams to life imprisonment without the possibility of parole-the only *101 possible sentence and one that was mandatory.
In June 2013, Williams petitioned the Montgomery Circuit Court, pursuant to Rule 32, Ala. R. Crim. P., for a new sentencing hearing, asserting that his life-without-the-possibility-of-parole sentence was unconstitutional and unlawful in light of the United States Supreme Court's decision in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). In Miller, the Supreme Court held that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile defendant violates the prohibition of cruel and unusual punishment in the Eighth Amendment to the United States Constitution. In his Rule 32 petition, Williams reasoned that, because he was a juvenile at the time he committed the offense and because his sentence of life imprisonment without the possibility of parole was mandatory, his sentence was unconstitutional and illegal and he was entitled to a new sentencing hearing. The circuit court, the Court of Criminal Appeals, and this Court disagreed, each holding that Williams was not entitled to a new sentencing hearing because the rule in Miller did not apply retroactively to cases such as Williams's, which were final when Miller was decided. See Ex parte Williams, 183 So.3d at 230-31 ; Williams v. State, 183 So.3d at 218 ; and the Montgomery Circuit Court's order dismissing Williams's Rule 32 petition, Williams v. State, CC-1998-2385.60 (July 22, 2013). Williams petitioned the United States Supreme Court for certiorari review of this Court's decision.
After this Court decided Ex parte Williams and while Williams's petition for certiorari review was pending in that Court, the United States Supreme Court issued its opinion in Montgomery, which clarified its holding in Miller, stating that " Miller announced a substantive rule that is retroactive in cases on collateral review." 577 U.S. at ----, 136 S.Ct. at 732.
The United States Supreme Court, in light of its decision in Montgomery, then granted Williams's petition for a writ of certiorari, vacated this Court's judgment, and remanded the case for further consideration. Upon receiving notice of the Supreme Court's order, this Court ordered the parties to submit briefs addressing the impact of Montgomery on Williams's case.
Williams and the State have filed a joint brief agreeing that, in light of the United States Supreme Court's decisions in Miller and Montgomery, the judgment of the Court of Criminal Appeals affirming the circuit court's dismissal of Williams's Rule 32 petition must be vacated and the case ultimately remanded to the circuit court for further proceedings. Given the United States Supreme Court's holding in Montgomery that the rule of Miller applies retroactively to cases on collateral review, Williams is entitled to a new sentencing hearing.
Because of this Court's inadvertent delay in addressing the United States Supreme Court's remand order, the clarification in Montgomery that the rule of law in Miller applies retroactively to cases on collateral review, and the parties' agreement that Williams is entitled to the relief sought in his Rule 32 petition-i.e., a new sentencing hearing-we vacate the judgment of the Court of Criminal Appeals and remand this case directly to the circuit court for proceedings consistent with Miller and Montgomery.
JUDGMENT VACATED AND CASE REMANDED.
Bolin, Parker, Murdock, Shaw, Main, Wise, Bryan, and Sellers, JJ., concur.